UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

Patrick Sullivan, et al.,

      Plaintiffs,

vs.                                                           Case no. 5:26-cv-220-PGB-PRL

United States of America,

      Defendant.

_____/

**JOINT MOTION FOR RULE 16 PRELIMINARY
PRETRIAL CONFERENCE**

In lieu of submitting a case management report required by Local Rule 3.02, the plaintiffs and defendant hereby jointly move for a preliminary pretrial conference with the presiding magistrate (or district judge, at the Court's pleasure) to discuss case management issues and special handling in this potentially complex case. As grounds for their request, the parties state as follows.

Memorandum of Law

The named plaintiffs initiated this action with the filing of their complaint (Doc. 1) on March 27, 2026. The United States Attorney was served on April 3, 2026. The undersigned appeared as counsel for the United

States on June 1, 2026.  Under Local Rule 3.02(b)(3), the parties are due to submit their case management report on or before June 12, 2026.

The parties have conferred on two occasions concerning case management and, as required by the Court in Doc. 6, class certification issues. In these discussions, the parties have come to grips with the potential scale of the discovery effort that could required in a case of this size and scope.  There are 46 individuals specifically identified in the complaint as potential class members in addition to the three named class representatives.  Although the United States disagrees, the complaint alleges the potential class size could range in the "thousands."  Doc. 1 at 6.  The United States is still formulating its discovery strategy, but at a minimum, the class certification process may require dozens of depositions and an equally imposing amount of interrogatory discovery.  This in turn could lead to significant discovery motion practice.

In discussing the burdens associated with the discovery and class certification phases of the case, the parties have also confronted threshold legal issues that would logically need to be addressed at the very outset of the case, notably the applicability of the statute of limitations to these claims and the viability of the Middle District of Florida as venue for the suit (as opposed to the District of Columbia where all the events physically took place).  Plaintiffs

have vehemently objected to any idea that the case would be transferred to the District of Columbia.

If scheduled, the parties anticipate requesting the Court to set a briefing schedule for the motion to dismiss that would present these threshold questions to the Court, and further to stay the action pending a ruling on that motion. The Court obviously has the inherent authority under case law and the rules of procedure to stage litigation in ways that would minimize litigation burdens and wasteful pretrial activities. See *Clinton v. Jones*, 520 U.S 681, 706 (1997); *Nankivil v. Lockheed Martin Corp.*, 216 F.R.D. 689, 692 (M.D. Fla.), *aff'd.* 87 Fed. Appx. 713 (11th Cir. 2003); Fed. R. Civ. 16(a). A stay pending resolution of the motion to dismiss would greatly preserve the parties' and the Court's resources, and would permit litigation activities to unfold in the most logical, focused manner.

For all of these reasons, the parties jointly request the Court to schedule a preliminary pretrial conference to discuss case management and special handling issues.

Respectfully submitted,

GREGORY W. KEHOE
United States Attorney

*/s/Austin Carr*
Stephen Austin Carr
FBN 440833
Austin Carr, PA
6314 Engram Road
New Smyrna Beach, FL  32169
Tele. 786-282-2882
austin@austincarrlaw.com

Counsel for plaintiffs

Dated: June 12, 2026

*/s/Lacy R. Harwell, Jr.*
Lacy R. Harwell, Jr.
Assistant United States Attorney
FBN 714623
Office of the U.S. Attorney
400 N. Tampa St., Ste 3200
Tampa, FL  33602
Tele. 813 274 6000
Randy.Harwell@usdoj.gov

Counsel for the United States