IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

PATRICK SULLIVAN, MARIE SULLIVAN, and ALAN E. FISCHER, III, individually and on behalf of all others similarly situated,

Plaintiffs,

Case No. 5:26-cv-220-PGB-PRL

v.

UNITED STATES OF AMERICA,

Defendant.
_________________________________/

**DEFENDANT'S RENEWED MOTION TO DISMISS PLAINTIFFS' AMENDED CLASS ACTION COMPLAINT**

Defendant, United States of America, pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), respectfully requests that the Court dismiss Plaintiffs Patrick Sullivan, Marie Sullivan, and Alan E. Fischer, III's Amended Class Action Complaint with prejudice. (Doc. 26).

**BACKGROUND**

On January 6, 2021, Plaintiffs Patrick Sullivan, Marie Sullivan, and Alan E. Fischer, III (the "Named Plaintiffs")—alongside the purported class members—allege that they gathered on the west side of the U.S. Capitol building in Washington, D.C. (Doc. 26 ¶ 12). Then, at around 1:00 p.m., the Named Plaintiffs allege that, without any warning, "the police started to indiscriminately launch explosive munitions into the crowd." (*Id.* ¶¶ 14–17). Moreover, the Named Plaintiffs allege that the police were

not aiming at the "people who were pushing on the fence line," but instead, they were "shooting indiscriminately into the crowd further back." (*Id.* ¶ 15).

Fast forward approximately four years and eight months, the United States Capitol Police receive two letters enclosing (in total) 30 individual administrative claims complaining of injuries received on January 6, 2021, due to "excessive police force." (Exhibit 1, James Jr. Declaration, ¶¶ 4–6). Notably, the Named Plaintiffs submitted their administrative claims in these letter submissions.[1] (*Id.* ¶ 5). However, the submitted forms were only partially completed, did not have proper signatures, and did not include supporting documentation. (*Id.* ¶¶ 6–7 (explaining that the some of the forms "only [had] the front face of the SF-95, one form only said, "Pending Signature," and "[n]o vouchers . . . were provided alongside the letter")).

Waiting over five years from the alleged incident, the Named Plaintiffs filed the initial Complaint on March 27, 2026. (Doc. 1). Pursuant to this Court's Order, Defendant filed its Motion to Dismiss the Complaint on August 3, 2026. (Doc. 24). Then, rather than file a substantive response, the Named Plaintiffs filed the Amended Class Complaint. (Doc. 26). This Court dismissed the pending Motion to Dismiss as

[1] Plaintiff Patrick Sullivan's submission was dated July 29, 2025. (Exhibit 2, Jenkins Declaration regarding P.S., ¶ 3). Plaintiff Marie Sullivan's submission was dated July 30, 2025. (Exhibit 3, Jenkins Declaration regarding M.S., ¶ 3). Plaintiff Alan E. Fischer, III's submission was August 8, 2025. (Exhibit 4, Jenkins Declaration regarding A.E.F., ¶ 3).

moot and stated that Defendant may file a renewed Motion to Dismiss within the time provided by Rule 12.[2] (Doc. 27).

In the Amended Complaint, the Named Plaintiffs bring two different Federal Tort Claims Act ("FTCA") claims—negligence and assault—on behalf of three Proposed Class Definitions. (Doc. 26 ¶¶ 25–31). Rather than define the proposed classes based on the alleged injuries received, the Amended Complaint sets forth three proposed class definitions—all based on whether they had even attempted to comply with the administrative process for FTCA claims. Specifically, the Amended Complaint defines the First Proposed Class Definition as all "peaceful protestors" who were on the west side of the U.S. Capitol on January 6, 2021—regardless of whether the individuals submitted an administrative claim to the relevant agency. (*Id.* ¶¶ 18–20). Next, the Amended Complaint defines the Second Proposed Class Definition as all people who were on the west side of the U.S. Capitol on January 6, 2021, *and* who have now filed an administrative claim regardless of when they filed the claim with the agency. (*Id.* ¶ 18). Finally, the Amended Complaint defines the Third Proposed Class Definition as all people who were on the west side of the U.S. Capitol on January 6, 2021, *and* who have filed an administrative claim *before* the filing of the Complaint. (*Id.*). The Named Plaintiffs then concluded that because the United States has "completely ignored" the other administrative claims that it would be futile to require

[2] Because Defendant is the United States of America, Rule 12 provides 60 days for Defendant to respond, making October 23, 2026, the deadline to renew Defendant's motion to dismiss. *See* Fed. R. Civ. P. 12(a)(2).

the purported class members to go through the process as "the formality of [the administrative claim] is not a legal necessity." (*Id.* ¶ 22).

## LEGAL STANDARD

A complaint may be subject to dismissal under Rule 12(b)(1) for lack of subject matter jurisdiction. "If a plaintiff's claim is time barred, this Court lacks subject matter jurisdiction to hear the case." *Nelson v. United States*, No. 3:12-cv-1308, 2013 WL 5651805, at *1 (M.D. Fla. Oct. 15, 2013) (citing *Slater v. United States*, 175 F. App'x 300, 303 (11th Cir. 2006) (citation modified)).

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss a complaint for "failure to state a claim upon which relief can be granted." In determining whether to dismiss under Rule 12(b)(6), a court accepts the factual allegations in the complaint as true and construes them in a light most favorable to the non-moving party. *See United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1269 (11th Cir. 2009). Nonetheless, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Furthermore, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Finally, a court may consider documents on a motion to dismiss, even if they are not physically attached to the complaint, "if the documents are (1) central to the

plaintiff's claim and (2) undisputed." *Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005). Moreover, "undisputed" simply "means that the authenticity of the document is not challenged." *Id.* Thus, when a defendant attaches documents that meet this standard to a motion to dismiss, the court may consider the documents without converting the motion to dismiss into a motion for summary judgment. *See, e.g.*, *Basson v. Mortg. Elec. Registration Sys., Inc.*,741 F. App'x 770, 771 (11th Cir. 2018) (per curiam).

## ARGUMENT

The Amended Complaint has a myriad of dispositive issues. First, the Court lacks subject matter jurisdiction because of claimants' failure to exhaust administrative remedies before filing the Complaint. Second, all the asserted FTCA claims are barred by the statute of limitations. Finally, even if this Court were to find that the Named Plaintiffs have alleged a cognizable FTCA claim, the case should be transferred for improper venue.

### I. This Court does not have jurisdiction over the alleged class Complaint.

The United States is generally immune from suit unless Congress explicitly waives the government's immunity. *See Lane v. Pena*, 518 U.S. 187, 192 (1996). "Through the enactment of the FTCA, the federal government has . . . waived its immunity from tort suits based on state law tort claims." *Zelaya v. United States*, 781 F.3d 1315, 1321 (11th Cir. 2015). Because the government is waiving its sovereign immunity and consenting to suit, it may do so "according to whatever terms it chooses to impose." *Id.* at 1321–22. Thus, the Eleventh Circuit has instructed that "[c]ourts must strictly adhere to the conditions on which the government consents to being sued

and cannot recognize an exception absent from the waiver." *Doe, 1 v. United States*, 166 F.4th 1255, 1260 (11th Cir. 2026).

Even though the FTCA provides a waiver of sovereign immunity for state law torts, it is not absolute. *See Millbrook v. United States*, 569 U.S. 50, 52 (2013). Indeed, "[a] federal court does not have 'jurisdiction over a suit under the FTCA unless the claimant first files an administrative claim with the appropriate agency . . . within two years from the time the claim accrues . . . accompanied by a claim for money damages in a sum certain.'" *Turner ex rel. Turner v. United States*, 514 F.3d 1194, 1200 (11th Cir. 2008) (quoting *Dalrymple v. United States*, 460 F.3d 1318, 1324 (11th Cir. 2006)). Moreover, the statute is clear that "the claimant must wait either until the administrative agency finally denies the claim or until six months have passed after the claim was filed." *Id.* (citing 28 U.S.C. § 2675(a)). "Because 'the FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies,' the district court lacks subject matter jurisdiction over prematurely filed suits." *Id.* (quoting *McNeil v. United States*, 508 U.S. 106, 113 (1993)). Here, the Court does not have jurisdiction because the three groups failed to properly exhaust their administrative remedies.

A. <u>The Named Plaintiffs and the Third Proposed Class Definition's Administrative Claims were Deficient.</u>

While the Third Proposed Class Definition includes individuals that alleged they waited six months after submitting the administrative claims before filing the initial Complaint, the claims "must be something more than mere notice of a potential

lawsuit." *Suarez v. United States*, 22 F.3d 1064, 1066 (11th Cir. 1994). As the declaration explained, the administrative claims received by the agency were woefully deficient.[3] The submitted forms were only partially completed, did not have proper signatures, and did not include supporting documentation. (Ex. 1, ¶¶ 6–7 (explaining that the some of the forms "only [had] the front face of the SF-95, one form only said, "Pending Signature," and "[n]o vouchers . . . were provided alongside the letter")). Thus, just as a form lacking a sum certain or supporting documentation to establish damages is insufficient to establish jurisdiction, the deficient forms here did not provide the agency with the ability to evaluate the claim. *See Dalrymple v. United States*, 460 F.3d 1318, 1326 (11th Cir. 2006) ("A sum certain, or documentation from which the court can reasonably estimate the damages, must be filed with the appropriate agency within the two-year statute of limitations in order to satisfy the prerequisite to bringing suit against the government under the FTCA."). Given the fact that the forms were filed well outside the two-year period (*see infra* sec. II), and that they were incomplete, this Court should find that it does not have jurisdiction over the Third Proposed Class Definition (including the Named Plaintiffs).

[3] Because whether the Named Plaintiffs and the claimants included in the three Proposed Class Definitions properly submitted an administrative claim is central to any claim of relief under the FTCA, this Court can consider the attached exhibits on a motion to dismiss. *Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005). Moreover, Plaintiffs should not be allowed to contest the authenticity because these are the claims that they themselves filed with the agency.

B. The Complaint's Allegations Show that the Court Does Not Have Jurisdiction Over the First and Second Proposed Class Definitions.

Here, the Complaint itself confirms that this Court does not have jurisdiction over the class claimants included in the First and Second Proposed Class Definitions. In the Amended Complaint, the Named Plaintiffs allege that the claimants included in the Second Proposed Class Definition filed administrative claims but did not wait the required six months before filing the Complaint. (Doc. 26 ¶ 18). And even worse, the Complaint alleges that the claimants in the First Proposed Class Definition *never* filed any administrative claim with the appropriate agency. (*See id.* ¶¶ 18, 22). Based on these allegations alone, this Court does not have jurisdiction over these alleged claimants. *Burnam v. United States*, No. 8:21-cv-772, 2021 WL 5084181, at *2 (M.D. Fla. Nov. 2, 2021) (concluding the court was "without jurisdiction to consider whether the complaint" stated an FTCA claim where the plaintiff did not "go through the requisite administrative process by submitting a claim or otherwise exhausting his administrative remedies.").

The Named Plaintiffs try to get around this fatal defect for the class complaint by alleging that administrative exhaustion is a simple formality and that it would be futile to require them to do so based on the treatment of the previous claims. (Doc. 26 ¶ 22). Relying on the plain language of the statute, the Supreme Court, however, has explicitly stated that "[t]he FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies." *McNeil v. United States*, 508 U.S. 106, 113 (1993); *see also in re Compl. of Ingram Barge Co.*, 351 F. App'x 842,

843 (5th Cir. 2009) ("[T]he FTCA does not admit a futility exception to its exhaustion requirement[.]" (citing 28 U.S.C. § 2675(a); *Gregory v. Mitchell*, 634 F.2d 199, 203–04 (5th Cir. 1981)). The Supreme Court explained that "Congress intended to require complete exhaustion . . . before invocation of the judicial process" for claims arising under the FTCA. *McNeil*, 508 U.S. at 112. This makes sense because, as other courts have explained, "[a]llowing claimants to bring suit before exhausting their administrative remedies would render the exhaustion requirement meaningless and impose an unnecessary burden on the judicial system." *Duplan v. Harper*, 188 F.3d 1195, 1199 (10th Cir. 1999); *see also Bray v. Bon Secours Mercy Health, Inc.*, 97 F.4th 403, 417–18 (6th Cir. 2024).

Moreover, the fact that the six months may now have passed since the claimants included in the Second Proposed Class Definition filed administrative claims is still insufficient to establish jurisdiction. The law is clear that jurisdiction is determined at the time of filing. *See Turner*, 514 F.3d at 1202 n.5. Even though the Amended Complaint states that the claimants in the Second Proposed Class Definition filed administrative claims, it also states that they failed to wait the required six months *before* filing the Complaint. (Doc. 26 ¶ 18). The Supreme Court has expressly held that a district court does not have jurisdiction if the complaint is filed before exhaustion, and this does not change even if the agency later denies the claim. *McNeil*, 508 U.S. at 109–11 (explaining that a complaint filed before exhaustion of administrative remedies does not become effective upon final agency denial); *see also Turner*, 514 F.3d at 1202 n.5 (citing *Gregroy v. Mitchell*, 634 F.2d 199, 204 (5th Cir. 1981), for the proposition

that a court may not stay or hold a FTCA case in abeyance in an effort to save a premature claim). Thus, just as the Supreme Court found in *McNeil*, this Court should find that it lacks jurisdiction over the claimants in the Second Proposed Class Definition.

Finally, assuming *arguendo* that the claimants in the Third Proposed Class Definition's (including Named Plaintiffs) administrative claims were not deficient, the existence of these claims is insufficient to save the other two groups of claimants. The law is clear that "in multiple claimant actions under the FTCA[,] each claimant must individually satisfy the jurisdictional prerequisite of filing a proper claim." *Dalrymple*, 460 F.3d at 1325. For example, in *Turner*, the parents of a young child were suing a naval hospital for medical malpractice under the FTCA. 514 F.3d at 1197–98. Before filing suit, the parents filed three separate administrative claims regarding the treatment their child had received. *Id.* at 1198. The first claim was on behalf of the child. *Id.* The parents then later filed two other claims for their own individual loss of consortium. *Id.* Then, six months after the first claim was filed but only five months after the other two claims were filed, the parents filed suit in the district court. *See id.* Because the plaintiffs failed to wait the required six months after submitting their administrative claim before filing suit, the Eleventh Circuit found that the district court lacked jurisdiction over the parents' claims. *Id.* at 1200–02.

Accordingly, this Court should find that it does not have subject matter jurisdiction over any of the asserted claims for the three Proposed Class Definitions. *See, e.g., Gollehon Farming v. United States*, 17 F. Supp. 2d 1145, 1161 (D. Mont. 1998)

(finding that the plaintiffs were barred from prosecuting a FTCA class action because the class included individuals who had not submitted an administrative claim).

**II. The Complaint is Barred by the FTCA's Statute of Limitations.**

Setting aside the fact that the Complaint should fail for lack of subject matter jurisdiction, the Complaint is separately barred by the FTCA's statute of limitations.

The FTCA is clear that a claimant must present the claim in writing to the appropriate agency "*within* two years after such claim accrues." 28 U.S.C. § 2401(b). "A claim is deemed presented when the federal agency receives the claimant's SF-95 'or other written notification of [the] incident, accompanied by a claim for money damages in a sum certain for injury to or loss of property, personal injury, or death alleged to have occurred by reason of the incident.'" *Motta ex rel. A.M. v. United States*, 717 F.3d 840, 843–44 (11th Cir. 2013) (quoting 28 C.F.R. § 14.2(a)). Notably, if the tort claim is not properly presented within the time period, it "shall be forever barred." 28 U.S.C. § 2401(b); *see also United States v. Kubrick*, 444 U.S. 111, 117 (1979) ("[This limitations provision] is the balance struck by Congress in the context of tort claims against the government; and we are not free to construe it so as to defeat its obvious purpose, which is to encourage the prompt presentation of claims.").

There is no question that *none* of the administrative claims were timely filed. Here, the Named Plaintiffs allege that they were injured by the police actions that occurred on January 6, 2021. (*See* Doc. 26). Thus, the Named Plaintiffs' deadline to file the administrative claim was January 6, 2023. *See* 28 U.S.C. § 2401(b). However, the earliest claim of the Named Plaintiffs was dated July 29, 2025. (Ex. 2, ¶ 3). This

was over two years *after* the deadline to file the administrative claim with the relevant agency. Accordingly, all the claims in the Complaint are "forever barred" due to the failure to timely file the administrative claim with the agency. 28 U.S.C. § 2401(b).

While the administrative claims presented to the agency were well over the two-year deadline, the Supreme Court has explained that the time limits in the FTCA are not jurisdictional and can be tolled on equitable grounds. *Dotson v. United States*, 30 F.4th 1259, 1268 (11th Cir. 2022). However, the Named Plaintiffs, as a matter of law, simply cannot show *any* set of circumstances that would entitle them to equitable tolling.

"The doctrine of equitable tolling allows a court to toll the statute of limitations until such a time that the court determines would have been fair for the statute of limitations to being running on the plaintiff's claims." *Arce v. Garcia*, 434 F.3d 1254, 1261 (11th Cir. 2006). "Equitable tolling 'is an extraordinary remedy which should be extended only sparingly.'" *Bost v. Fed. Express Corp.*, 372 F.3d 1233, 1242 (11th Cir. 2004) (quoting *Justice v. United States*, 6 F.3d 1474, 1479 (11th Cir. 1993)). Thus, "[e]quitable tolling is appropriate when a movant untimely files because of *extraordinary circumstances* that are both beyond his control and unavoidable even with diligence." *Arce*, 434 F.3d at 1261 (emphasis in original) (quoting *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999)); *see also Motta ex rel. A.M. v. United States*, 717 F.3d 840, 846–47 (11th Cir. 2013) (holding that equitable tolling "cannot be applied to this FTCA claim because the untimely filing could have been avoided with due diligence").

The Amended Complaint alleges that the few administrative claims that were actually filed are timely filed because "[t]he statute of limitations did not begin to run until President Trump pardoned the plaintiffs and the other potential class members on January 20, 2021." (Doc. 26 ¶ 7).

As the Eleventh Circuit has explained, equitable tolling is an "extraordinary remedy." *See Bost*, 372 F.3d at 1242. This can be seen throughout the Eleventh Circuit's case law. For example, in *Echemendia v. United States*, a pro se prisoner plaintiff filed suit against the government for alleged medical malpractice received while imprisoned but failed to timely file an administrative claim. 710 F. App'x 823, 825 (11th Cir. 2017) (per curiam). The plaintiff explained that he failed to timely file the administrative claim because he had been transferred between prisons and was even hospitalized during the relevant time period. *Id.* at 827. The Eleventh Circuit, however, was unpersuaded. *Id.* The court found that "Defendant's impairments themselves cannot create extraordinary circumstances unless there is a connection between the incapacity and the delay in the filing," and "Plaintiff has not shown how any of his physical limitations created a circumstance 'unavoidable even with diligence' that prevented him from filing his administrative claim." *Id.*; *see also Harris v. United States*, 627 F. App'x 877, 880–81 (11th Cir. 2015) (finding that alleging mental impairment alone is insufficient to justify equitable tolling); *Dotson v. United States*, 30 F.4th 1259, 1269 (11th Cir. 2022) (explaining that "garden variety claim of excusable neglect" is insufficient to support a finding of equitable tolling).

Here, the Named Plaintiffs simply cannot show that they are entitled to equitable tolling as a matter of law. The Amended Complaint is clear—the Named Plaintiffs (and the others in the proposed class definitions) knew that they were injured and knew who injured them, but they instead chose to wait until well past the deadline to file the claims. Any alleged fear of criminal charges is insufficient to entitle the claimants to the extraordinary remedy of equitable tolling. This is especially so since the Amended Complaint states that the proposed class definitions only include claimants that were "peaceful protestors"—i.e., individuals that should not have required any pardon from President Trump. (*See* Doc. 26 ¶ 20 (stating that "[t]his class action lawsuit is for peaceful protestors")). Thus, for this reason alone, this Court should find that the Named Plaintiffs and any of the purported class members are not entitled to equitable tolling and dismiss the Complaint with prejudice. *Cf. Doe 1 v. United States*, No. 25-cv-80880, 2025 WL 3755467 (S.D. Fla. Dec. 18, 2025) (finding that the sexual abuse victims of Jeffrey Epstein plausibly alleged a claim for equitable tolling based on the allegations that FBI engaged in a decades-long cover up of its investigation into Jeffrey Epstein).

## III. Regardless, this Court Should Transfer the Case.

Even if this Court finds that the Complaint is not barred by the statute of limitations, this Court should transfer the case to the United States District Court for the District of Columbia. Any civil action may be transferred to another district where it might have been brought "for the convenience of the parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). In doing so, a court should consider the

following factors: (1) the convenience of the parties; (2) the convenience of the witnesses; and (3) the interests of justice. *Id.*

Here, all three factors favor transferring this case to the District of Columbia. As the Amended Complaint lays out, all the relevant events occurred in Washington, D.C. (*See* Doc. 26). All the witnesses and all the relevant evidence are located in D.C. Moreover, unlike the plaintiff in *Dale v. United States*, who was unwillingly detained in Louisiana, the Named Plaintiffs voluntarily traveled to D.C. and participated in the events where they were allegedly injured.[4] 846 F. Supp. 2d 1256, 1258 (M.D. Fla. 2012). Further, Plaintiff Alan Fischer III clearly understands that the proper venue is in Washington, D.C. as he previously filed these same allegations in the United States District Court for the District of Columbia. *See Fischer v. District of Columbia*, No. 24-00044 (CRC), 2025 WL 894445 (D.D.C. Mar. 24, 2025). Thus, there are not the same inequities that would prevent the Court from transferring the case for the convenience of parties and witnesses. In sum, the case should be transferred to the District for the District of Columbia.

## CONCLUSION

Accordingly, the United States of America respectfully request that this Court dismiss the Complaint with prejudice or, in the alternative, transfer this case to the United States District Court for the District of Columbia.

[4] To the extent that any of the other claimants' claims survived, there is no allegation where these individuals live. Thus, while the FTCA provides that a plaintiff may sue in the judicial district where the plaintiff resides, that is insufficient to prevent a transfer to a more convenient venue. *See* 28 U.S.C. § 1402(b).

**LOCAL RULE 3.01(g) CERTIFICATION**

On October 22, 2026, Plaintiffs' counsel informed undersigned counsel that Plaintiffs oppose the relief requested in the Motion.

Dated: October 23, 2026

Respectfully submitted,

GREGORY W. KEHOE
United States Attorney

By: */s/Avery A. Holloman*

Lacy R. Harwell, Jr.
Assistant United States Attorney
Florida Bar No. 714623
Office of the U.S. Attorney
400 N. Tampa St., Ste. 3200
Tampa, FL 33602
Tele. (813) 274-6000
Randy.Harwell@usdoj.gov

Avery A. Holloman
Assistant U.S. Attorney
Florida Bar No. 1035595
U.S. Attorney's Office
400 West Washington St., Suite 3100
Orlando, FL 32801
Tele. (407) 648-7500
Fax (407) 648-7588
Avery.Holloman@usdoj.gov