IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

PATRICK SULLIVAN, et al.,

Plaintiffs,

v. No. 5:26-cv-220-PGB-PRL

UNITED STATES OF AMERICA,

Defendant.
_______________________________/

**MOTION FOR EXTENSION OF TIME TO RESPOND TO VENUE MOTION AND CLARIFICATION OF DEADLINE**

Plaintiffs hereby move for an extension of time to respond to the defendant's venue arguments and for clarification of the deadline to respond to the motion:

This is an action brought under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671–2680, for negligence and assault and battery by the United States Capitol Police for the events at the United States Capitol on January 6, 2021. The United States has responded to the Amended Complaint (D.E. #26) with a Motion to Dismiss (D.E. #28). Embedded within the motion to dismiss is a two paragraph argument that venue should be transferred to the United States District for the District of Columbia. (See Motion to Dismiss, page 14).

Ordinarily in responding to a motion to dismiss a plaintiff has twenty-one days. Local Rule 3.01(d). The due date is November 13, 2026. For responding to any other non-dispositive motion, such as a motion to transfer venue, a party has fourteen days. The due date would be November 6, 2026. The Local Rule provides:

> (d) TIME TO RESPOND. A party may respond to a motion within fourteen days after service of the motion. However, a party may respond within twenty-one days after service to a motion to dismiss, for judgment on the pleadings, for summary judgment, to exclude or limit expert testimony, to certify a class, for a new trial, or to alter or amend the judgment. If a party fails to timely respond, the motion is subject to treatment as unopposed.
>
> Local Rule 3.01(d).

For clarity and simplicity, plaintiffs request that they be allowed to respond to all arguments at the same time in the same memorandum of law. For one, having separate timelines and deadline tracks for two different augments made in filing is confusing—especially so when the venue motion, made in the alternative, has an earlier deadline than the main motion seeking to dismiss the case. It seems backwards. Second, undersigned counsel remembers that at the July 6, 2026 status hearing, the court indicated that it would deal with the venue question after hearing arguments and considering the defendant's then motion to dismiss.

Undersigned counsel has conferred with the Assistant United States Attorney on the case by email and she has no objection: "The United States does not object to having one deadline—November 13, 2026—for a response to the motion."

WHEREFORE plaintiffs respectfully request that they be allowed up to and including November 13, 2026 to respond to all arguments in the defendant's motion to dismiss (D.E. 28).

**LOCAL RULE 3.01(g) CERTIFICATION**

On October 26, 2026, Defendant's counsel informed undersigned counsel that Defendant has no opposition to the relief requested in this motion.

Dated: October 26, 2026

Respectfully submitted,

Austin Carr, Esq.
*Board Certified Civil Trial Attorney*
Austin Carr, P.A.
6314 Engram Road
New Smyrna Beach, FL 32169
Telephone: 786-282-2882
Email: austin@austincarrlaw.com
Fla. Bar No. 440833

*/s/ Stephen Austin Carr, Esq.*